IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LUKUS KEELING, on his own behalf
and on behalf of all others similarly
situated,**

**Plaintiff,**

v.

**ESURANCE INSURANCE COMPANY[1],**

**Defendant.**                                         No. 10-0835-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Now before the Court is defendant's motion to stay discovery (Doc. 31). Specifically, defendant moves to stay discovery pending a decision on the motion to dismiss. Defendant contends that requiring discovery to proceed on class certification issues before the motion to dismiss has been decided would impose substantial burden on Esurance that will be unnecessary if the motion to dismiss is granted. Naturally, plaintiff opposes the motion (Doc. 35). Based on the following, the Court denies the motion to stay.

A movant does not have an absolute right to a stay. Instead, the movant bears the burden of proof to show that the Court should exercise its discretion in staying the case. *Indiana State Police Pension Trust v. Chrysler, LLC,* — U.S.—, 129 S. Ct.

---

[1] The parties agreed to substitute Esurance Insurance Services, Inc. with Esurance Insurance Company as the proper defendant (Docs. 22 & 29).

2275, 2277 (2009). District courts have extremely broad discretion in controlling discovery. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). The Court has discretion under Federal Rule of Civil Procedure 26 to limit the scope of discovery or to order that discovery be conducted in a particular sequence. *Britton, supra.* Limitation or postponement of discovery may be appropriate when a defendant files a motion to dismiss for failure to state a claim on which relief can be granted, although the mere filing of the motion does not autmotically stay discovery. *SK Hand Tool Corp. v. Dresser Industries, Inc.*, 852 F.2d 936, 945 (7th Cir. 1988). However, a stay of discovery is generally only appropriate when a party raises a potentially dispositive threshold issue such as a challenge to a plaintiff's standing, *see United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79-80 (1988), or pending resolution of qualified immunity claims, *see Landstrom v. Illinois Dep't of Children & Family Servs.*, 892 F.2d 670, 674 (7thh Cir. 1990), *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009)("The basic thrust of the of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery.").

Here, the Court finds that defendant has not met its burden regarding a stay of discovery as the circumstances of the case do not warrant a stay. The Court cannot presume that the motion to dismiss will be granted and at first blush it does not appear well founded. Further, there is also a not ripe pending motion to remand (Doc. 34). Thus, the information obtained during discovery will be useful in either

this Court's proceedings or in the state court proceedings, if the Court finds that remand is proper.

Accordingly, the Court **DENIES** defendant's motion to stay (Doc. 31).

**IT IS SO ORDERED.**

Signed this 1st day of June, 2011.

Digitally signed by David R. Herndon
Date: 2011.06.01 13:41:51 -05'00'

**Chief Judge
United States District Court**